# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>vs.<br><br>JOHN SANFORD,<br><br>                     Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 1:07-CR-114-DAK<br><br>Honorable Dale A. Kimball |

      This matter is before the court on Defendant John Sandford's Motion for Early Termination of Supervised Release. On April 7, 2008, Mr. Sanford pleaded guilty to Possession of Child Pornography, in violation of 18 U.S.C. § 2252A. In the plea agreement, Mr. Sanford admitted that he had between 10 and 150 images of Child Pornography, including images of prepubescent minors engaged in sexual intercourse. On October 6, 2008, Mr. Sanford was sentenced to 27-months incarceration, which was below the recommendation in the presentence report of 37-46 months of incarceration, followed by a term of supervised release of 120 months.

      On February 12, 2016, Mr. Sanford sent a motion to the court requesting early termination of his supervised release. At that point, Mr. Sanford had completed approximately five years of his term of supervised release, and he requested early termination of his term of supervised release to facilitate travel.

      Under 18 U.S.C. § 3583(e), a court may terminate the term of supervised release of a defendant who has completed at least one year of supervised release prior to the completion of the entire term if the court is satisfied such action is (1) warranted by the conduct of the offender

and (2) in the interest of justice. See 18 U.S.C. § 3583(e)(1). In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent applicable. 18 U.S.C. § 3583(e). The factors under § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense . . . .

18 U.S.C. § 3553(a).

Although the court is being asked to decide whether to grant Mr. Sanford's request for early termination of supervised release, the court is bound by statute to consider the broader effects of its decision. The court's obligation extends beyond Mr. Sanford to society in general. The court's decision will affect society in the message it sends about the seriousness of Mr. Sanford's crime and in the level of deterrence it provides to others who may consider engaging in similar crimes. In other words, the court must consider both the specific effects of its decision on Mr. Sanford and the general effects of its decision on society.

As to the history and characteristics of the defendant, the court notes that Mr. Sanford pleaded guilty to the offense, was reported to present a low risk of reoffending, and has fully complied with the terms of his supervised release. He has completed program requirements associated with his supervised release and appears to be positively contributing to society and to his family.

Despite Mr. Sanford's success in complying with the terms of his supervised release, Mr. Sanford committed a very serious offense. Mr. Sanford possessed between 10 and 150 images of child pornography, including images involving the sexual abuse of prepubescent minors. The Supreme Court has described the serious effect that child pornography has on the children involved:

> It has been found that sexually exploited children are unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and have a tendency to become the sexual abusers as adults.

*New York v. Ferber*, 458 U.S. 747, 758-59 n.9 (1982). Partially due to these serious effects of child pornography, in 1998, Congress imposed harsher penalties on defendants who used computers to commit sexual offenses against children. *United States v. Robertson*, 350 F.3d 1109, 1113 (10th Cir. 2003). Senator Orrin Hatch described the purpose of this law:

> [W]e must also be vigilant in seeking to ensure that the Internet is not perverted into a hunting ground for pedophiles and other sexual predators, and a drive-through library and post office for purveyors of child pornography. . . . One step that we can take is to ensure strong penalties for those who use the Internet for these horrible purposes.

*Id.* (quoting 144 Cong. Rec. S10,522 (daily ed. Sept. 17, 1998)). The Tenth Circuit explained, "[I]f the penalties for using the computer medium are especially severe, the hope is that pedophilic predators will cease to find cyberspace such a safe and attractive hunting ground." *Id.* at 1114.

In addition to the seriousness of the offense, Mr. Sanford received a ten-month reduction in his term of incarceration from his recommended sentence down to a term of 27 months. Instead of imposing a lifetime term of supervised release, which has been done in similar cases, the court also imposed a 120-month term of supervised release. Therefore, Mr. Sanford has

already received reductions in both his term of incarceration and his term of supervised release compared to recommended and available sentences.

The court concludes that, due to the seriousness of the offense committed by Mr. Sanford, the need to reflect the seriousness of the offense to society, and the need to deter society from engaging in similar criminal conduct; Mr. Sanford's Motion for Early Termination of Supervised Release should be denied despite Mr. Sanford's consistent compliance with the programs and terms of his supervised release. The court notes that Mr. Sanford can resubmit a motion for early termination of supervised release after more time has passed, and the court can reconsider the motion at that time. The court recommends that Mr. Sanford allow at least 90 months of his 120-month term to pass before submitting another motion for early termination.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release is DENIED without prejudice.

DATED this 14th day of April, 2016.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge