IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN SANFORD,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:07-cr-00114<br><br>District Judge Dale A. Kimball |
| --- | --- |

Defendant John Sanford filed a Motion for Early Termination of Supervised Release. (Dkt. No. 35). On October 6, 2008, the Defendant was sentenced to 27 months of imprisonment and 120 months of supervised release. On November 16, 2010, the Defendant began his term of supervised release. As of the date of this order the Defendant has completed 97 months of his 120-month supervised release sentence.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release… if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote the respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

In the Defendant's motion for early termination of supervised release he notes that he has not had any violations, he is now fully retired and in an 8 year relationship, and that he has recently purchased a home. He has complied with all the conditions set forth by the court.

The Defendant's probation officer filed a report on his position on whether to grant the Defendant's motion. The probation officer contacted the U.S. Attorney's Office and the assigned AUSA did not support the early termination but indicated that if Probation and the court agree to early termination she will not oppose.

Based on the Defendant's conduct, the court finds that an early termination of supervised release is warranted. The Defendant has successfully completed 97 months of his 120-month supervised release sentence. The Defendant has had no violations during his supervised release period and has made substantial efforts to better his circumstances. Accordingly, the court GRANTS the Defendant's Motion for Early Termination of Supervised Release. (Dkt. No. 35).

Dated this 17th day of December 2018.

BY THE COURT:

DALE A. KIMBALL,
United States District Judge